| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| STEVEN EDWARDS, | ) NO. ED CV 14-1798-E |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER RE: COUNSEL'S "MOTION |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1]/ | ) FOR ATTORNEY FEES PURSUANT TO ) 42 U.S.C. § 406(b), etc." |
| Defendant. | ) |

**PROCEEDINGS**

On July 27, 2017, counsel for Plaintiff filed "Counsel's Notice of Motion and Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), etc." ("the Motion") with exhibits ("Motion Ex."). The Motion seeks $22,560.23 in fees from the Administration, with an order to reimburse Plaintiff for: (1) the $6,000 the Administration previously awarded under 28 U.S.C. § 406(a) for counsel's time spent before the Administration; and (2) the $2,400 the Government previously paid in

---

[1]/ Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is hereby substituted as the defendant in this action.

fees under 28 U.S.C. § 2412(d) (the Equal Access to Justice Act ("EAJA")). Counsel submits that the order requested would result in a net fee to counsel of $14,160.23 for 20.9 hours of work counsel and his paralegals performed before this Court under a contingent fee agreement with Plaintiff.

On August 11, 2017, Defendant filed a response that purportedly takes no position regarding whether the requested fee is "reasonable." Defendant's response suggests, however, that a calculation of the *de facto* hourly rate counsel seeks ranges from $1,514.11 for attorney and paralegal time, to $2,108.43 for only attorney time. See Defendant's Response, p. 4 n.3. The Court has taken the Motion under submission without oral argument. See Minute Order, filed July 28, 2017.

**BACKGROUND**

Plaintiff filed a complaint on September 8, 2014, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge on September 29, 2014. Plaintiff filed a motion for summary judgment on March 11, 2015. Defendant filed a motion for summary judgment on June 4, 2015. On July 14, 2015, the Court denied the parties' motions and remanded this matter to the Commissioner for further administrative action, finding that the Administrative Law Judge's reasoning did not suffice to support an adverse credibility finding. See Memorandum Opinion and Order of Remand and Judgment (Docket Nos. 21-22). On September 29, 2015, upon the parties' stipulation, the Court awarded EAJA fees in the amount of $2,400, payable to

Plaintiff's counsel (Docket Nos. 23-26).

On remand, the Administration conducted additional proceedings that resulted in an award of past-due Supplemental Security Income ("SSI") of $2,975.92 and past-due Disability Insurance Benefits ("DIB") of $87,265.00, for a total of $90,240.92 in past-due benefits. See Motion Ex. 9, p. 2, and Ex. 10, p. 3.[2/] From these awards, the Administration withheld for the payment of attorney fees $22,560.23 (i.e., $743.98 from past-due SSI, plus $21,816.25 from past-due DIB). See Motion, p. 1; Motion Ex. 9, p. 2, and Ex. 10, p. 4. Counsel now seeks the entirety of this amount under Section 406(b). See id. As indicated above, counsel already has received $6,000 under Section 406(a) for work performed before the Administration. Without citing any supporting authority, counsel urges the Court to order a reimbursement to Plaintiff of the Section 406(a) fees. See Motion, p. 1; Motion Ex. 10, p. 3.

In support of the Motion, counsel has submitted copies of the fee agreements between counsel and Plaintiff dated August 17, 2011, and August 20, 2014. See Motion, Exs. 1B and 4. These agreements provide for a contingent fee of the lesser of 25 percent of past-due benefits or $6,000 under Section 406(a), and an <u>additional</u> fee of 25 percent of

///
///

---

[2/] Plaintiff claims that past-due SSI totaled $2,231.94. See Motion, p. 4. However, that amount represented SSI only through January of 2016. See Motion Ex. 9, p. 2. The Administration withheld from past-due SSI $743.98 for the payment of attorney fees, which is 25 percent of $2,975.92. See id.

any award of past-due benefits under Section 406(b). See id..[3/]
Counsel also submitted a billing itemization reflecting that counsel
worked 10.7 hours and counsel's paralegals worked either 9.33 hours or
10.2 hours representing Plaintiff before the Court. See Motion Ex.
14.[4/] This billing itemization shows that all of counsel's 10.7 hours
were spent preparing Plaintiff's motion for summary judgment, and six
of the 9.33 paralegal hours were spent preparing the Motion. Id.

**APPLICABLE LAW**

Section 406(b)(1) of Title 42 provides:

> Whenever a court renders a judgment favorable to a claimant
> . . . who was represented before the court by an attorney,
> the court may determine and allow as part of its judgment a
> reasonable fee for such representation, not in excess of
> 25 percent of the total of the past-due benefits to which
> the claimant is entitled . . . In case of any such judgment,

---

[3/] There is no legal prohibition against recovering more than 25 percent of past-due benefits for combined work before the Administration and the Court. See Clark v. Astrue, 529 F.3d 1211, 1215-16 (9th Cir. 2008) (holding that 25 percent cap on fees under Section 406(b) is not a cap for total fees under Sections 406(a) and (b)); accord Laboy v. Colvin, 631 Fed. App'x 468, 468-69 (9th Cir. 2016).

[4/] The itemized billing for counsel's paralegals reflects a total of 560 minutes (9.33 hours), whereas the "Total Paralegal Hours" are reported as 1.95 + 2.25 + 6 hours (a total of 10.2 hours). See Motion Ex. 14; see also Motion, p. 6 (representing that total paralegal hours are 10.2 hours). The Court has accepted only the _itemized_ billing from the statement and consequently has limited the recoverable paralegal time to 9.33 hours.

no other fee may be payable . . . for such representation except as provided in this paragraph. 42 U.S.C. § 406(b)(1)(A).

According to the United States Supreme Court, section 406(b)

does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within this 25 percent boundary . . . <u>the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered</u>. <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 807 (2002) (citations omitted) (emphasis added) ("<u>Gisbrecht</u>").

The hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement." <u>Id.</u> at 808. The Court appropriately may reduce counsel's recovery

based on the character of the representation and the results the representative achieved. If the attorney is responsible

> for delay, for example, a reduction is in order so that the
> attorney will not profit from the accumulation of benefits
> during the pendency of the case in court. <u>If the benefits
> are large in comparison to the amount of time counsel spent
> on the case, a downward adjustment is similarly in order</u>.

<u>Id.</u> (citations omitted) (emphasis added). <u>Gisbrecht</u> does not instruct precisely how a district court should quantify the "downward adjustment" when the court concludes such an adjustment is "in order."

**DISCUSSION**

For the reasons discussed below, the Court has concluded that a downward adjustment is "in order" in the present case. Despite the primacy of the fee agreement, which provides for a <u>separate</u> contingent fee of 25 percent for Section 406(b) fees, Plaintiff's counsel has failed to prove that the total Section 406(b) fee sought is "reasonable." See <u>Gisbrecht</u>, 535 U.S. at 807; 42 U.S.C. § 406(b)(1)(A).

Examining the reasonableness factors identified in <u>Gisbrecht</u>, the Court concludes that neither "the character of the representation" nor "the results the representative achieved" suggest the unreasonableness of the fee sought. Counsel's representation of Plaintiff before the Court resulted in a remand. Counsel filed and served a pro forma complaint, consented to proceed before a Magistrate Judge, and prepared a motion for summary judgment. Nothing suggests that

6

counsel's representation was substandard or that the results achieved did not well serve Plaintiff's interests.

It does not appear that Plaintiff's counsel was directly responsible for any significant delays in the initial administrative proceedings or in the proceedings before this Court.[5] There did occur an unexplained delay in the administrative proceedings following this Court's remand, however. The Court remanded the matter to the Administration on July 14, 2015 (Docket Nos. 21-22). Yet, the Appeals Council did not remand the matter to the Administrative Law Judge until October 14, 2016. See Motion Exs. 6-7. The Appeals Council's remand did not occur until after Plaintiff's counsel followed up on August 2, 2016 (over a year after the Court's remand). See id. A fully favorable administrative decision issued on February 1, 2017 (Motion Ex. 8). Accordingly, it appears that approximately a year of past-due benefits accrued with no apparent work from counsel or the Administration. The accumulated SSI from February 1, 2016, until the favorable decision on February 1, 2017, is negligible (i.e., approximately $629.92). See Motion Ex. 9, p. 2. The accumulated DIB for that period, however, is much more substantial ($1,434.20 per month from February 2016 until November 2016, and $1,438.50 per month from December 2016 for a total of $17,219). See Motion Ex. 10, p. 1.

---

[5] Plaintiff's counsel began representing Plaintiff on or around August 7, 2011. See Motion Ex. 1A. On August 31, 2011, counsel applied for benefits for Plaintiff. See Motion Ex. 8, p. 1. Following a hearing, an Administrative Law Judge issued an unfavorable decision on April 11, 2013 (id.). The Appeals Council denied Plaintiff's request for review on August 6, 2014 (Motion Ex. 3). Counsel lodged a complaint with this Court on August 29, 2014 (Docket No. 1), and thereafter met all the deadlines imposed by the Court.

7

Twenty-five percent of this amount is $4,304.75. If counsel were proposing to receive the entire 25 percent of past-due benefits under Section 406(b) while retaining the $6,000 in Section 406(a) fees already awarded, the Court might well conclude that a downward adjustment should occur because of delay. Since counsel has offered to refund the Section 406(a) fees to Plaintiff, however, the Court finds no cause on grounds of delay to reduce the Section 406(b) fees requested. Compare Ashing v. Astrue, 798 F. Supp. 2d 1143, 1146 (C.D. Cal. 2011) (discerning a windfall where a substantial amount of past-due benefits resulted from delay at the administrative level and awarding reduced fees).

If the Court's analysis of counsel's fee request were to end here, the fee requested could be deemed "reasonable." However, Gisbrecht further instructs that where "the benefits are large in comparison to the amount of time counsel spent on the case," the fee resulting from a 25 percent contingency fee agreement can be unreasonable such that a downward adjustment could be "in order." Gisbrecht, 535 U.S. at 808. Here, Plaintiff reportedly recovered $90,240.92 in past-due benefits, counsel spent only 10.7 hours before the Court and counsel's paralegals spent only 9.33 hours before the Court. Counsel has requested a Section 406(b) award of the total 25 percent withholding of $22,560.23, (with a reimbursement to Plaintiff of the $6,000 previously awarded under Section 406(a)), for a net
///
///
///
///

Section 406(b) award of $16,560.23.[6]

If the Court considers the entire Section 406(b) request of $22,560.23, the *de facto* hourly rate for combined counsel and itemized paralegal time (10.7 hours + 9.33 hours for a total of 20.03 hours), would be approximately $1,126.32 per hour (i.e., $22,560.23 / 20.03 hours).[7] Deducting the cost of paralegal time at the reported EAJA hourly rates (i.e., $165 per hour for 8.25 hours + $140 per hour for the remaining 1.08 hours)[8] of $1,512.45, the remaining fee of $21,047.78 (i.e., $22,560.23 - $1,512.45) counsel is seeking for 10.7 of counsel's time yields a *de facto* hourly rate of $1,967.08 (i.e., $21,047.78 / 10.7 hours).

If the Court considers a net Section 406(b) award of $16,560.23, the *de facto* hourly rate for combined counsel and itemized paralegal time would be approximately $826.77 (i.e., $16,560.23 / 20.03 hours).

---

[6] Any award made under Section 406(b) must be offset by the $2,400 in fees counsel previously recovered under the EAJA, but such offset does not effectively reduce the amount of fees counsel will have recovered for time spent before the Court.

[7] Plaintiff's counsel's calculation of a *de facto* hourly rate of $1,079.44 is based on the total withholding for both Section 406(a) and Section 406(b) fee awards, divided by 20.9 hours (the total hours reported for counsel and the unitemized alleged total time for his paralegals). See Motion, p. 7 & Ex. 14.

[8] As explained in Footnote 4, the Court has accepted the itemized billing for paralegal time of 560 total minutes as an accurate reporting of the time the paralegals spent. The Court has given counsel the benefit of the doubt and assumed that 495 minutes (i.e., 135 minutes referenced in the "Total Paralegal Hours" plus 360 additional itemized minutes) (or 8.25 hours), are billable at the higher paralegal rate, leaving the remaining 65 minutes (or 1.08 hours) billable at the lower rate. See Motion Ex. 14.

Deducting the cost of paralegal time at the reported EAJA hourly rates of $1,512.45, the remaining fee of $15,047.78 (i.e., $16,520.23 - $1,512.45) counsel is seeking for the 10.7 hours of counsel's time yields a *de facto* hourly rate of approximately $1,406.33 (i.e., $15,047.78 / 10.7 hours).

An attorney seeking section 406(b) fees has the burden of proving that the fee sought is reasonable based on the facts of the particular case. See Gisbrecht, 535 U.S. at 807-08. The reasonableness of the fee sought in this case turns primarily on how the Court views the *de facto* hourly rates. Counsel has offered little or no suggestion regarding how the Court should view the *de facto* hourly rates beyond citing Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009) ("Crawford"). In Crawford, the Ninth Circuit approved effective hourly rates for combined paralegal and attorney time as high as $902. See Motion at 7. The present case is materially distinguishable from Crawford, however.

In each of the three cases consolidated in Crawford, unlike here, counsel requested section 406(b) fees far less than the agreed-upon 25 percent of past-due benefits (i.e., from 13.94 to 16.95 percent of past-due benefits). In each of the three cases, unlike here, addition of the section 406(a) fees awarded and the section 406(b) fees requested did not equal 25 percent of past-due benefits. Id. at 1145-46; see also Washington v. Barnhart, CV 03-6884-AN, "Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), etc.", p. 3 (Docket No. 16) (counsel recovered $7,000 in section 406(a) fees, and the entire fee sought would not equal 25 percent of past-due benefits);

Trejo v. Barnhart, CV 98-5662-RNB, "Order Granting in Part Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)" (Docket No. 22) (counsel recovered $13,000 in section 406(a) fees, and the entire fee sought would not equal 25 percent of past-due benefits); Crawford v. Barnhart, CV 00-11884-AN, "Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), etc.", pp. 3-4 n.1 (Docket No. 22) (counsel recovered $4,000 in section 406(a) fees, and the entire fee sought would not equal 25 percent of past-due benefits).[9/] In each of the three cases, the district court further reduced the section 406(b) fees to avoid a perceived windfall, and based the reduction on an enhanced lodestar calculation. See Crawford, 586 F.3d at 1144, 1145-46.

The Crawford Court found that the district court's reduced fee awards did not comply with Gisbrecht because the awards "rest[ed] on lodestar calculations and reject[ed] the primacy of lawful attorney-client fee agreements." Crawford, 586 F.3d at 1150 (quoting Gisbrecht, 535 U.S. at 793). The Crawford Court stated that the district court may not start with the lodestar calculation, and may consider the lodestar calculation "only as an aid in assessing the reasonableness of the fee." Id. at 1151 (emphasis original). According to Crawford, because the fees requested in each of the three cases were "significantly lower" than the 25 percent "bargained for" amounts, the fees requested were not "excessively large in relation to

---

[9/] The Court takes judicial notice of the docket and records in the underlying actions appealed in Crawford. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

11

the benefits achieved," and no downward adjustment was required. <u>Id.</u> at 1151. The fees the <u>Crawford</u> Court ultimately approved as reasonable translated to *de facto* hourly rates for combined paralegal and attorney time of $519 in one case, $875 in another, and $902 in the third. <u>Id.</u> at 1153.[10]

Thus, according to <u>Crawford</u>, a section 406(b) request under a contingency fee agreement that translates to a *de facto* hourly rate of as much as $902 for combined attorney and paralegal time does not present a circumstance where "the benefits are large in comparison to the amount of time spent on the case," (assuming all other relevant considerations are the same as the considerations existing in <u>Crawford</u>). The present case is materially distinguishable. As noted above, unlike the plaintiffs' attorneys in <u>Crawford</u>, Plaintiff's counsel is not seeking a total recovery far less than the full 25 percent fee.[11] Plaintiff's counsel is seeking the full 25 percent fee; the total fees counsel has sought to recover under Section 406(a) and Section 406(b) equal 25 percent of past-due benefits.

Moreover, in the present case, unlike <u>Crawford</u>, the paralegal hours comprise almost half of the reported time (9.33 paralegal hours to 10.7 counsel hours). By contrast, in the three consolidated cases

---

[10] These *de facto* hourly rates are taken from Judge Clifton's concurring and dissenting opinion in <u>Crawford</u>. The <u>Crawford</u> majority opinion did not take issue with Judge Clifton's calculation of these rates. See <u>Crawford</u>, 586 F.3d at 1145-46.

[11] "The attorneys [in the <u>Crawford</u> cases] themselves suggested that the full 25% fee provided for by their fee agreements would be unreasonable." <u>Crawford</u>, 586 F.3d at 1150 n.8.

12

in Crawford, the reported times were: (1) 4.5 paralegal hours and 19.5 counsel hours (Crawford); (2) 4.7 paralegal hours and 17.45 counsel hours (Washington); and (3) 2.6 paralegal hours and 26.9 counsel hours (Trejo). See Crawford, 586 F.3d at 1145-46. The Crawford Court may have deemed reasonable the combined attorney and paralegal hourly rates in those three consolidated cases in part because, in all three cases, the attorney time dwarfed the paralegal time. Such is not the circumstance in the present case.

This Court looks to the allocation of time spent and the fee requested to determine if some downward adjustment is in order to account for the substantial time spent by the paralegals relative to the time spent by counsel. In Quinnin v. Colvin, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) ("Quinnin"), the court awarded a reduced fee of approximately 15 percent of past-due benefits yielding a *de facto* hourly rate of $1,240 for attorney time and $620 for paralegal time, where most of the work in the case had been done by a paralegal. The court assumed the paralegal's billable rates were half of attorney rates and found a *de facto* hourly rate of $1,000 for attorney time and $500 for paralegal time "a helpful guide" in assessing reasonableness. See id. If this Court follows the $1,000/$500 *de facto* rates the Quinnin court found helpful, a reasonable award in this case would be $15,365 for combined counsel and paralegal time (i.e., 10.7 counsel hours x $1,000 = $10,700; 9.33 paralegal hours x $500 = $4,665). Here, counsel's total Section 406(b) fee request of $22,560.23 well exceeds that amount, and the net 406(b) request of $16,560.23 exceeds that amount by $1,195.23.

///

This Court previously has approved a *de facto* hourly rate for attorney time of $1,100 per hour. See Farnworth v. Colvin, CV 12-400-E (C.D. Cal. Dec. 2, 2013) (Docket No. 22) (order awarding reduced fees of $1,100 per hour for work performed in 2012, in comparison to the Crawford award for work done prior to 2009; award was half of original request for a fee which equated to a $2,199 *de facto* hourly rate). Following Quinnin's logic, and assuming that a reasonable *de facto* hourly rate for counsel is $1,100 per hour, and a reasonable *de facto* rate for a paralegal is $550 per hour, a reasonable Section 406(b) award in this case would be $16,901.50 (i.e., 10.7 counsel hours x $1,100 = $11,770; 9.33 paralegal hours x $550 = $5,131.50). This calculation yields an amount which is $341.27 more than the $16,560.23 net Section 406(b) fee counsel seeks (though far less than the total Section 406(b) fee sought). The net fee requested also appears reasonable when the Court considers the fact that: (1) all of counsel's work in this case occurred in 2015 and the paralegals' work occurred in 2013, 2014, and 2017; and (2) in Farnworth, all of the work occurred in 2012.

Accordingly, the Court finds that the net Section 406(b) fee counsel seeks of $16,560.23 is reasonable. This award, together with the $6,000 in section 406(a) fees counsel already received, will provide counsel with 25 percent of past-due benefits. As in the pre-Crawford decision of Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. Aug. 17, 2006), this Court acknowledges the regrettable imprecision of the analysis through which the Court has determined a "reasonable" fee.

///

**ORDER**

Section 406(b) fees are allowed in the amount of $16,560.23 to be paid out of the sums withheld by the Commissioner from Plaintiff's benefits. Counsel shall reimburse Plaintiff in the amount of $2,400 previously paid by the Government under the EAJA. Counsel need not reimburse Plaintiff for the $6,000 in fees counsel previously received from the Administration under Section 406(a).

IT IS SO ORDERED.

DATED: September 6, 2017.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE